UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § § | |
| HTC AMERICA, INC., | § | JURY TRIAL REQUESTED |
| Defendant. | § § § | |

## PLAINTIFF MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S ORIGINAL COMPLAINT

Plaintiff Mobile Telecommunications Technologies, LLC ("MTel" or "Plaintiff") by and through its undersigned attorneys, hereby pleads the following claims for patent infringement against Defendant HTC America, Inc. ("HTC" or "Defendant") and alleges as follows.

### THE PARTIES

1. Plaintiff MTel is a Delaware limited liability company having a principal place of business at 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057. MTel is a wholly owned subsidiary of United Wireless Holdings, Inc. ("United Wireless"). In 2008, United Wireless, through another of its wholly owned subsidiaries, Velocita Wireless, LLC, purchased the SkyTel wireless network from Bell Industries, including assets related to SkyTel's more than twenty year history as a wireless data company. Velocita Wireless, LLC, continued to operate the SkyTel wireless data network after the acquisition. As a result of that transaction, United Wireless gained ownership and control over the portfolio of intellectual

property, including patents, developed over the years by several SkyTel-related entities, including Mobile Telecommunication Technologies Corp. ("MTEL Corp."), Destineer Corporation, and SkyTel Communications. United Wireless subsequently assigned certain of the patent assets, including the patents-in-suit, together with all rights of recovery related to those patent assets to its wholly owned subsidiary, MTel, which is the plaintiff here.

2. MTEL Corp. was a pioneer of two-way wireless data communications and launched the world's first two-way wireless paging service, dubbed SkyTel 2-Way. The SkyTel paging operations and business are currently based out of Lewisville, Texas.

3. MTel asserts against Defendant HTC in this action U.S. Patent Nos. 5,809,428 (the "'428 Patent") and 5,754,946 (the "'946 Patent") (together, the "Patents-in-Suit" or the "asserted patents").

4. MTel is informed and believes, and thereon alleges, that Defendant HTC America, Inc. ("HTC"), a subsidiary of HTC Corporation of New Taipei City, Taiwan, is incorporated in Washington State with its headquarters at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §1 et. seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over HTC under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE

§17.042. HTC has been, and currently is, continuously and systematically conducting business in this jurisdiction and throughout Texas. HTC has systemically, continuously, and purposely harmed MTel in this jurisdiction by making, using, importing, offering for sale, or selling infringing communication networks, network operations centers, mobile units, related hardware, or related software that infringe one or more claims of the '428 Patent and/or the '946 Patent. HTC has systemically, continuously, and purposely harmed MTel in this jurisdiction by knowingly contributing to or inducing infringement of one or more claims of the '428 Patent and/or the '946 Patent.

7. Venue is proper under 28 U.S.C. §§1391(a) & (c), and 1400(b).

## FIRST CLAIM FOR RELIEF
**(Infringement of United States Patent No. 5,809,428)**

8. Plaintiff reincorporates Paragraphs 1 through 7 as though fully set forth herein.

9. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '428 Patent, entitled "Method and Device for Processing Undelivered Data Messages in a Two-Way Wireless Communications System" on September 15, 1998. MTel is the assignee of all right, title, and interest in and to the '428 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past, present, and future infringement. Each and every claim of the '428 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory

presumption of validity enjoyed by every other of its claims. 35 U.S.C. §282. A true and correct copy of the '428 Patent is attached hereto as Exhibit A.

10. The '428 Patent describes and claims, *inter alia*, methods, systems, and devices for storing undeliverable messages, such as e-mail, text, and instant messages.

11. MTel is informed and believes, and thereon alleges, that HTC, without authorization or license, has been and is now directly or indirectly infringing one or more claims of the '428 Patent in violation of 35 U.S.C. §271, including as stated below.

12. MTel is informed and believes, and thereon alleges, that HTC's customers and all end-users of HTC devices, equipment, products, or services are direct infringers of the '428 Patent.

13. HTC has knowledge of the '428 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that valid patent. Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.

14. MTel is informed and believes, and thereon alleges, that HTC has directly infringed, literally and/or under the doctrine of equivalents, and will continue to directly infringe each patent claim of the '428 Patent by making, using, selling, offering to sell, and/or importing into the United States network operation centers (*e.g.*, XMPP (or similar protocol)-compliant servers and/or other networking

components) and mobile units (*i.e.*, HTC Android phones, tablets, and other wireless devices such as Aria, ChaCha, Desire (CDMA), Desire, DesireC, Desire S, Droid DNA, DROID Incredible, Droid Incredible 2, Droid Incredible 4G LTE, EVO 3D, EVO 4G, EVO 4G LTE, EVO Design 4G, EVO Shift 4G, EVO View 4G, Flyer, Hero, Inspire 4G, Jetstream, Merge, Nexus One, One, One S, One V, One X, One X+, Rezound, Rhyme, Bliss, Salsa, Sensation, Status, Tattoo, Thunderbolt, Vivid, Wildfire (CDMA), Wildfire S, myTouch 4G Slide, myTouch 3G Slide, myTouch 4G, G2, G1) that provide XMPP-(or similar protocol) compliant messaging services and applications (*e.g.*, ChatON, Google Cloud Messaging ("GCM"), Google Talk/Hangouts, Agile Messenger, AIO Instant Messenger, Asia IM, Beejive, Beem, Bluejabb IM XMPP, BombusMod, BombusQD, Bria Android, Bruno the Jabber Bear, Business Communicator, Callpoint, ChatCat Multilingual, IM App, CIM, Crolix Communicator, Dodo, Facebook Chat, Gibberbot, Google Talk Chat and XMPP, GTalkShare, GTalkSMS, GTalkSMS Donate, Handsfree SMS , Hotweb (Beta), ICall: Free Calls + Text , iChat XMPP,IM GreenBug Beta, IM+, imov Messenger, Intelli IM, Jabiru , jTalk, Juick Advanced, Max Call, Maxis BizVoice, Mimi Location (Family Safety), MoliCity Talk Talk, Mundu IM Lite, My Message, myChatDroid, NFC XMPP Intent, OctroTalk, Paint Chat, Profile, PSChat Lite, SecureChat, Servers Ultimate & Servers, Ultimate Pro, Simple XMPP Client, SMSWiFi (Beta), Spicy XMPP Chat Client, Talkonaut, TextOne, Tigase Messenger, Trillian, Twinsee – free video calls, Unique Dial SIP Softphone, Vegas Mobile, Voice Chat for Car Free, VoIP Video SIP softphone, Wauwl, WCS Mobile AIR, Xabber,

Xabber VIP, XMessager, XMPP notify, XMPP notify full, XMPP Server & XMPP Server Pro, and Yaxim) (collectively, "Messaging Services") that embody or practice the method of each claim of the '428 Patent. These applications are preinstalled on the mobile devices before delivery to the end-user or are provided by or through HTC's App Store or the Google Play App Store.

15. MTel is informed and believes, and thereon alleges, that the use by end users of Messaging Services on the accused mobile units also practices the methods of the '428 Patent. Such use by the end users is direct patent infringement of the '428 Patent. HTC has and will continue to contribute to and induce the infringement of end users by intentionally instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of HTC-branded mobile devices. The Messaging Services and mobile devices have features relevant to the end users' direct infringement that have no substantially non-infringing uses other than to operate and perform as claimed by one or more claims of the '428 Patent. The HTC-branded mobile devices are specially enabled for utilizing the Messaging Services. HTC encourages end users to use the Messaging Services and intends the end users to use its HTC-branded mobile units enabled with at least one Messaging Service as contemplated by the claims of the '428 Patent. HTC intentionally contributes to and induces direct infringement of the '428 Patent with knowledge that its actions constitute infringement of the '428 Patent since at least the filing or service of this action.

16. MTel is informed and believes, and thereon alleges, that HTC also intentionally encourages and instructs Mobile Network Operators (*e.g.*, AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell HTC Android mobile devices that HTC knows infringe each claim of the '428 Patent. HTC provides detailed instructions and support regarding how to operate mobile devices and network operation centers in manners that infringe the '428 Patent. HTC also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals.

17. MTel is informed and believes, and thereon alleges, that HTC induced and continues to induce the infringement of at least one claim of the '428 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271(b), by, among other things, actively, knowingly, and/or recklessly aiding and abetting others (including HTC's customers and end users) through activities such as marketing with the specific intent to induce others to directly use without license or authority, products that fall within the scope of at least one claim of the '428 Patent.

Willful Infringement of the '428 Patent

18. Any further infringing activity demonstrates a deliberate and conscious decision to infringe the '428 Patent or, at the very least, a reckless disregard of MTel's patent rights. HTC continuing to make, use, offer to sell, sell, or import infringing products constitutes willful infringement for which MTel is

entitled to up to treble damages as well as attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§284, 285.

## SECOND CLAIM FOR RELIEF
## (Infringement of United States Patent No. 5,754,946)

19. Plaintiff reincorporates Paragraphs 1 through 18 as though fully set forth herein.

20. The USPTO duly and lawfully issued the '946 Patent entitled "Nationwide Communication System" on May 19, 1998. MTel is the assignee of all right, title, and interest in and to the '946 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past, present, and future infringement. Each and every claim of the '946 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. 35 U.S.C. §282. A true and correct copy of the '946 Patent is attached hereto as Exhibit B.

21. The '946 Patent describes and claims, *inter alia*, devices and networks that provide for the transmission of unreceived portions of a message.

22. MTel is informed and believes, and thereon alleges, that HTC, without authorization or license, has been and is now directly or indirectly infringing one or more patents claims of the '946 Patent in violation of 35 U.S.C. §271, including as stated below.

23. MTel is informed and believes, and thereon alleges, that HTC's customers and all end-users of HTC devices, equipment, products, or services are direct infringers of the '946 Patent.

24. MTel is informed and believes, and thereon alleges, that HTC directly infringes, literally and/or under the doctrine of equivalents, and will continue to directly infringe each claim of the '946 Patent by making, using, selling, offering to sell, and/or importing into the United States mobile devices (*i.e.*, HTC Android phones, tablets, and other wireless devices such as Aria, ChaCha, Desire (CDMA), Desire, DesireC, Desire S, Droid DNA, DROID Incredible, Droid Incredible 2, Droid Incredible 4G LTE, EVO 3D, EVO 4G, EVO 4G LTE, EVO Design 4G, EVO Shift 4G, EVO View 4G, Flyer, Hero, Inspire 4G, Jetstream, Merge, Nexus One, One, One S, One V, One X, One X+, Rezound, Rhyme, Bliss, Salsa, Sensation, Status, Tattoo, Thunderbolt, Vivid, Wildfire (CDMA), Wildfire S, myTouch 4G Slide, myTouch 3G Slide, myTouch 4G, G2, G1) that include or are compatible with messaging services and other applications that allow for message retransmission (*e.g.*, Gmail, Calendar) and embody claims and/or practice the methods of the '946 Patent.

25. MTel is informed and believes, and thereon alleges, that the use by end users of messaging services and other applications that allow for message retransmission on the accused mobile devices and networks also directly infringes each of the claims of the '946 Patent. HTC has and will continue to contribute to and induce the infringement of end users by intentionally instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions on the operation of its mobile units and compatible messaging services and other applications that allow for message retransmission. For example, HTC instructs end users on ways and methods of retrieving portions of email and other

messages. The messaging features utilized by the mobile units to infringe the '946 Patent have no substantial non-infringing uses other than to operate as claimed by one or more claims of the '946 Patent. HTC intentionally contributes to and induces direct infringement of the '946 Patent with knowledge that its actions constitute infringement of the '946 Patent since at least the filing or service of this action.

26. MTel is informed and believes, and thereon alleges, that HTC also intentionally encourages and instructs Mobile Network Operators (*e.g.*, AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell HTC Android mobile devices and communication networks that HTC knows infringe each claim of the '946 Patent. HTC provides detailed instructions and support regarding how to operate mobile devices, communication networks, and network operation centers in manners that infringe the '946 Patent. HTC also induces infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, email services, messaging services, and/or service manuals.

## Willful Infringement of the '946 Patent

27. Any further infringing activity demonstrates a deliberate and conscious decision to infringe the '946 Patent or, at the very least, a reckless disregard of MTel's patent rights. HTC continuing to make, use, offer to sell, sell, or import infringing products constitutes willful infringement for which MTel is

entitled to up to treble damages as well as attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§284, 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MTel prays for entry of judgment against HTC as follows:

A. That HTC has directly infringed each of the asserted Patents under 35 U.S.C. §271(a);

B. That HTC, has induced the infringement by others of each of the asserted Patents under 35 U.S.C. §271(b);

C. That HTC has contributed to the infringement by others of each of the asserted Patents under 35 U.S.C. §271(c);

D. That HTC provide to MTel an accounting of all gains, profits, savings, and advantages derived by HTC's direct or indirect infringement of the asserted Patents, and that MTel be awarded damages adequate to compensate for the wrongful infringement by HTC, in accordance with 35 U.S.C. §284;

E. That the damages awarded to MTel with respect to each of the asserted Patents be increased up to three times, in view of HTC's willful infringement, in accordance with 35 U.S.C. §284;

F. That this case be decalred an exceptional one in favor of MTel under 35 U.S.C. §285, and that MTel be awarded its reasonable attorneys' fees and all other costs and expenses incurred in connection with this civil action in accordance with 35 U.S.C. §285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G. That HTC, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from infringing any of the asserted Patents; and

H. That MTel receive all other or further relief as this Court may deem just or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), MTel hereby demands a trial by jury on all issues triable to a jury.

Dated: November 7, 2013                    Respectfully Submitted,

/s/ *Daniel R. Scardino*
Daniel R. Scardino
Texas State Bar No. 24033165
Craig S. Jepson
Texas State Bar No. 24601364
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
cjepson@reedscardino.com

**ATTORNEYS FOR PLAINTIFF
MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC**