IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC | § § § § | Civil Action No. 2:13-cv-00948-JRG-RSP |
| v. | § § § § § | Jury Trial Demanded |
| HTC AMERICA, INC. | § | |

### HTC AMERICA, INC.'S MOTION TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS IN THE FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), HTC America, Inc. ("HTC America") moves to dismiss Plaintiff Mobile Telecommunications Technologies, LLC.'s ("MTel") claims of indirect and willful infringement in its First Amended Complaint [Dkt. # 18] (the "Amended Complaint"). MTel still has not pleaded facts sufficient to show that it has a plausible claim for any of these causes of action. Among other inadequacies, MTel fails to assert a good faith basis for willful infringement of patents it understands HTC America first learned of when suit was filed. MTel's failure to seek a preliminary injunction warrants dismissal of the claims for willful infringement. MTel fails to plead all of the required elements for contributory infringement, and the Court should dismiss those claims for at least this reason. Finally, MTel fails to plead facts showing that HTC America had the requisite intent for induced infringement, where again MTel concedes that HTC America first learned of the asserted patents after suit was filed.

1

## I. MTEL'S INDIRECT AND WILLFUL INFRINGEMENT ALLEGATIONS

MTel's Amended Complaint alleges direct, indirect, and willful infringement of United States Patent No. 5,809,428 ("the '428 Patent"), United States Patent No. 5,754,946 ("the '946 Patent"), and United States Patent No. 5,894,506 ("the '506 Patent").

With respect to the direct infringement allegedly underlying its indirect infringement claims, MTel asserts that the use by end users of "Messaging Services" on the accused mobile units [*i.e.* smartphones] practices the methods of the '428 Patent. Amended Complaint, ¶ 15. The "Messaging Services" to which paragraph 15 refers are numerous "XMPP (or similar protocol)-compliant messaging services and applications" enumerated in paragraph 14 of the Amended Complaint. MTel alleges that these applications "embody or practice the method of each claim of the '428 Patent" and are "preinstalled on the mobile devices before delivery to the end user or are provided by or through HTC's App Store **or** the Google Play App Store." Amended Complaint, ¶ 14 (emphasis added).

MTel further alleges, "on information and belief," that HTC America induces infringement of end users of the '428 patent by instructing and by providing infringing mobile units and compatible "Messaging Services" preinstalled and for installation after activation of HTC-branded mobile devices. *Id.* Moreover, MTel alleges, also "on information and belief," that HTC America "**intentionally encourages and instructs** Mobile Network Operators (*e.g.*, AT&T, Sprint, Verizon) and/or retailers to make, use, import, sell, and/or offer to sell HTC mobile devices running the Android or Windows operating system that HTC knows infringe each claim of the '428 Patent." *Id.*, ¶ 16 (emphasis added).

MTel's claims against HTC America for indirect infringement of the '946 patent are based on similar, if not identical, boilerplate assertions. *See* Amended Complaint, ¶ 25 (alleging

that HTC America contributes to and induces the infringement of end users **"by intentionally instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions** on the operation of its mobile units….") (emphasis added). MTel also repeats the allegations of paragraph 16 in paragraph 26. *Id.*, ¶ 26. In like fashion, MTel uses the same boilerplate language for its claims that HTC America indirectly infringes the '506 patent. *See* Amended Complaint, ¶¶ 34, 35.

Importantly, MTel acknowledges that it has no basis to believe that HTC America had any pre-suit knowledge of the patents-in-suit, let alone that its customers or product end users might be infringers of the patents or that HTC intended that these third parties infringe the patents-in-suit. *See* Amended Complaint, ¶ 15 ("HTC intentionally contributes to and induces direct infringement of the '428 Patent with knowledge that its actions constitute infringement of the '428 Patent **since at least the filing or service of this action**") (emphasis added); ¶ 25 (same allegation for '946 patent); ¶ 34 (same allegation for '506 patent). MTel's allegations regarding the alleged willful infringement of the '428, '946, and '506 patents, which are virtually identical, are even more conclusory:

> *Any further infringing activity* demonstrates a deliberate and conscious decision to infringe [the '428 patent, the '946 patent, or the '506 patent] or, at the very least, a reckless disregard of MTel's patent rights. HTC *continuing to* make, use, offer to sell, sell, or import infringing products constitutes willful infringement . . . .

*See* Amended Complaint, ¶ 18 ('428 patent) & ¶ 27 ('946 patent) & ¶ 36 ('506 patent) (emphasis added).

## II. LEGAL STANDARD

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) which requires that every pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). Claims for indirect infringement are required to meet the higher pleading threshold established by the Supreme Court's holdings in *Twombly* and *Iqbal*. *See In re Bill of Lading Transmission and Processing System Patent Lit.,* 681 F.3d 1323, 1336-37 (Fed. Cir. 2012), *citing Bell Atlantic Corp. v Twombly,* 550 U.S. 544 (2007) and *Ashcroft v Iqbal,* 556 U.S. 662 (2009).

*Twombly* and *Iqbal* set out a two-step analysis for determining whether a pleading is sufficient. *See Iqbal,* 556 U.S. at 679. First, a court identifies the allegations that are not entitled to the presumption of truth, which include any allegations that are "base assertions," *i.e.*, merely "formulaic recitation[s] of elements," or "conclusory." *Id*. at 679-681. Second, a court examines the remaining "factual allegations in [the] Amended Complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted). A complaint will not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Merely pleading the "bare elements of [the] cause of action will result in dismissal." *Id*. at 686.

To support a claim of willful infringement, a plaintiff must, at a minimum, establish two separate and independent elements: (1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007). [W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Id.* at 1374. In addition, "[W]here notice of the patent comes via the lawsuit, a plaintiff who wants to pursue a charge of willfulness needs to file a motion for a

4

preliminary injunction, not an amended complaint." *McRO, Inc. v. Namco Bandai Games America, Inc.*, 2013 U.S. Dist. LEXIS 100764, at *29 (C.D. Cal. July 11, 2013).

Contributory infringement requires the sale, or offer for sale, of "[1] a component of a patented machine . . . or a material or apparatus for use in practicing a patented process, [2] constituting a material part of the invention, [3] knowing the same to be especially made or especially adapted for use in an infringement of such patent, and [4] not a staple article or commodity of commerce suitable for substantial non-infringing use . . . ." 35 U.S.C. § 271(c). At the pleading stage, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading,* 681 F.3d at 1337.

Finally, for a claim of induced infringement to survive a motion to dismiss, a complaint must: (1) adequately plead direct infringement, (2) contain facts plausibly showing that the accused infringer specifically intended for a third party to infringe the asserted patents, and (3) contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.,* 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013) (citing *Bill of Lading,* 681 F.3d at 1339).

### III. ARGUMENT

#### A. MTel's Willful Infringement Claim Should be Dismissed

As noted above in Section II, a claim of willful infringement must, at a minimum, establish two separate and independent elements: (1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *Seagate,* 497 F.3d at 1371. A willful infringement claim must be based on "particular facts" that demonstrate a good-faith basis for that allegation. *InMotion Imagery Technologies v. Brain Damage Films,* 2012

U.S. Dist. LEXIS 112630, at *10 (E.D. Tex. Aug. 10, 2012). "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374.

MTel's willful infringement allegations, however, are nothing more than insufficient conclusory allegations regarding supposed *post-suit* knowledge and activities. *See* Amended Complaint, ¶¶ 18 ('428 patent), 27 ('946 patent), 36 ('506 patent).

Ignoring for the moment that conclusory allegations of willful infringement do not suffice,[1] MTe fails to plead that HTC America's affirmative defenses and declaratory judgment counterclaims of non-infringement and invalidity [Dkt. # 7] against the originally-asserted '428 and '946 patents are objectively reckless or made in bad faith, or that HTC America cannot assert non-infringement or invalidity against newly-asserted '506 patent without being objectively reckless or acting in bad faith. Without such assertions, and with the presumptions Rule 11(b) attaches to HTC America's signed answer, MTel has failed to plead the minimum required for willful infringement.

MTel also failed to move for a preliminary injunction, which is necessary to pursue a charge of willfulness where notice of the patent comes via the lawsuit. In *In re Seagate Tech.*, 497 F.3d at 1371, the Federal Circuit made clear that "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* at 1374. "By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy

---

[1] *See, e.g., Touchscreen Gestures, LLC v. RIM Ltd.,* 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013); *Oasis Research, LLC v Adrive, LLC,* 2011 U.S. Dist. LEXIS 80483, at **14-15 (E.D. Tex. May 23, 2011); *U.S. Ethernet* at p. 8.

for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id.* at 1374 (citations omitted). *Accord McRO* at *8 (dismissing willfulness claims); *Rembrandt Soc. Media, LP v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 84245, at *19-20 (E.D. Va. June 12, 2013) (dismissing willfulness claims).

"It would eviscerate *Seagate* if a plaintiff could file an amended complaint alleging willfulness immediately after the original complaint was served." *McRO* at *29. "*Seagate* makes clear that where notice of the patent comes via the lawsuit, a plaintiff who wants to pursue a charge of willfulness needs to file a motion for a preliminary injunction, not an amended complaint." *Id.*; *see also Execware, LLC v. Staples, Inc.*, 2012 U.S. Dist. LEXIS 174885, at *18-20 (D. Del. 2012) (dismissing willful infringement claims in amended complaint because plaintiff's "failure to plead that [defendant had] pre-suit knowledge of the…patent [was] fatal to [plaintiff's] claim for willful infringement."). MTel filed an amended complaint but failed to move for a preliminary injunction.

In view of the foregoing, the Court should dismiss MTel's willful infringement claim without leave to replead.

### B. MTel's Amended Complaint Fails to Plead a Claim for Contributory Infringement

MTel fails to plead the required elements to support a claim for contributory infringement. In pertinent part, MTel's pleadings suffer from two specific deficiencies. First, MTel fails to plead facts that allow an inference that HTC America's components have no substantial non-infringing uses. Second, Mtel fails to allege what "components" supplied by

HTC America purportedly are a material part of the invention having no substantial non-infringing uses.

As noted above, 35 U.S.C. § 271(c) sets forth the required elements for contributory infringement. At the pleading stage, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading,* 681 F.3d at 1337. This "inquiry focuses on whether the accused products can be used for purposes other than infringement." *Id.* at 1338. MTel's pleading fails to meet its burden.

First, MTel makes no allegation as to what are the "components" supplied by HTC America that allegedly are a material part of the invention. Second, MTel's allegations are limited to specific "features" of accused smartphones that allegedly have no substantial non-infringing uses "other than to operate and perform as claimed," Amended Complaint, ¶¶ 15, 25, 34.

That pleading is fatally defective. The statute does not refer to a "feature," but to a "component" that has no substantial non-infringing uses. HTC-branded smartphones have hundreds of other features, none of which MTel asserts infringe. The issue is not whether the accused *features* have non-infringing uses, but whether an un-pled "component" supplied by HTC America has no substantial non-infringing use. For this reason alone, MTel's complaint is fatally defective, but there is more.

Indeed, MTel's allegation that HTC America provides instructions for using the accused features on its smartphones actually creates an inference that the smartphone has substantial non-infringing uses. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,* No. 6:12-cv-366-NHS-JDL [Dkt. No. 69], at p. 6 (E.D. Tex. February 7, 2013) (recommending dismissal of

inducement claim premised on instructions; recommendation subsequently adopted by Court). *U.S. Ethernet* dismissed a contributory infringement claim because "[plaintiff]'s allegation that customers infringe when they use operating systems and components in accordance with [defendant]'s **instructions** actually creates an inference that [the accused products] might otherwise be used in a non-infringing manner." *Id*. at 7 (emphasis added). Therefore MTel fails to plead facts that allow an inference that the component has no substantial non-infringing uses.

MTel's claim for contributory infringement of the asserted patents should be dismissed.

**C.      MTel's Amended Complaint Fails to Plead a Claim for Induced Infringement**

MTel's Amended Complaint fails to plead that HTC America's affirmative defenses and declaratory judgment counterclaims of non-infringement and invalidity [Dkt. # 7] against the originally-asserted '428 and '946 patents lack a reasonable belief, or that HTC America cannot assert non-infringement or invalidity against the newly-asserted '506 patent. Without such assertions, and with the presumptions Rule 11(b) attaches to HTC America's signed answer, MTel has failed to plead the minimum required for the intent component of induced infringement.

MTel must plead at a minimum that HTC America had the requisite intent to induce a third party to infringe the asserted patents, and that HTC America knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc.*, at *10 (citing *Bill of Lading,* 681 F.3d at 1339). However, the Amended Complaint fails to plead that, prior to the filing of the original complaint, HTC America was aware that any alleged acts of its customers and end users constituted patent infringement. *See, e.g*., *Global-Tech Appliances, Inc. v. SEB SA,* 131 S. Ct. 2060, 2068 (2011) (holding that "induced infringement under § 271(b) requires knowledge that

9

the induced acts constitute patent infringement."). HTC America thus is entitled to judgment of no induced infringement prior to the filing of suit. Amended Complaint, ¶¶ 15, 25, 34 ("intent" is based on knowledge of the asserted patents "since at least the filing or service of this action.")

The claim of induced infringement, moreover, must contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc.* at \*10 (citing *Bill of Lading,* 681 F.3d at 1339). HTC America asserted both non-infringement and invalidity defenses in its Answer [Dkt. # 7] to MTel's Original Complaint. MTel's Amended Complaint fails to assert that HTC America's affirmative defenses of non-infringement and invalidity lack a reasonable belief. MTel therefore fails to plead facts showing that HTC America had the requisite intent. *See Bill of Lading,* 681 F.3d at 1339 ("To survive Appellees' motion to dismiss, therefore, R + L's amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the '078 patent and knew that the customer's acts constituted infringement."). Having failed to sufficiently allege the necessary elements for a claim of induced infringement, MTel's claim for induced infringement of the asserted patents should be dismissed.

Second, MTel's allegations of inducement (Amended Complaint, ¶¶ 15-17, 25-26, 34-35) are legally insufficient. MTel's allegations that HTC America sells smartphones and "intentionally" provides instructions to end users and Mobile Network Operators have previously been held to be inadequate. In *U.S. Ethernet*, Magistrate Judge Love recommended dismissal of a similar claim of inducement, finding that "USEI's allegations that Yamaha 'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement." *U.S. Ethernet* at p. 6 (recommendation adopted by Court on 3/6/13, Dkt. No. 70); *see also Avocet Sport Tech., Inc. v.*

*Garmin Int'l, Inc.,* 2012 U.S. Dist. LEXIS 87747, at **11-14 (N.D. Cal. June 5, 2012) (granting motion to dismiss claims based on providing customers with instructions and training).

## IV. CONCLUSION

For the foregoing reasons, HTC America respectfully requests that the Court dismiss MTel's claims of indirect infringement and willful infringement for failure to state a claim upon which relief may be granted.

Respectfully submitted,

　　/s/ Jerry R. Selinger　　　　　　
Jerry R. Selinger
State Bar No. 18008250
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0958 (Telephone)
(214) 296-0246 (Facsimile)
jselinger@pattersonsheridan.com

**ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIM PLAINTIFF
HTC AMERICA, INC.**

## CERTIFICATE OF SERVICE

I certify that on August 4, 2014, the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

　　/s/ Jerry R. Selinger