UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:13-cv-948-JRG-RSP |
| v. | § § | JURY TRIAL REQUESTED |
| HTC AMERICA, INC. | § § | |
| Defendants. | § § | |

**MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS IN THE FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) (DKT. NO. 19)**

Defendant HTC America, Inc.'s ("HTC") Motion to Dismiss Indirect and Willful Infringement Claims Under Rule 12(b)(6) (Dkt. No. 19) should be denied. MTel's First Amended Complaint ("FAC") both states facially plausible claims detailing HTC's indirect and willful infringement of MTel's patents and places HTC on notice of those claims. Taken as true, with all inferences drawn in MTel's favor, as they must be, these allegations show that MTel is entitled to the relief sought. Accordingly, the Court should deny HTC's Motion and allow this matter to proceed to discovery and claim construction. In the alternative, MTel requests leave to amend.

**I. FIFTH CIRCUIT LAW ON PLEADING SUFFICIENCY.**

Federal courts apply regional circuit law when denying a motion to dismiss. *CoreBrace LLC v. Star Seismic LLC*, 56 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Lormand v. Us Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). Indeed, dismissal is appropriate only when the "plaintiff's pleadings on their face show, *beyond a doubt*, that the plaintiff cannot prove any set of facts sufficient to entitle him to relief." *Motient Corp. v. Dondero*, 529 F.3d 532, 535 (5th Cir. 2008)

(emphasis added). "The central issue is whether, *in the light most favorable to the plaintiff*, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (emphasis added).

Federal Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2012). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Instead, a pleading must provide the defendant "fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Id.* at 555. Proof is not required. Instead, the pleading must allow the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Further, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950. This endeavor is context-specific and draws on the "judicial experience and common sense" of the reviewing court. *Id.*

## II. MTEL PLEADS SUFFICIENT FACTS FOR INDIRECT AND WILLFUL INFRINGEMENT.

### A. Summary of Argument

MTel's FAC adequately pleads facts sufficient support its claims of indirect and willful infringement. MTel's FAC pleads facts sufficient to support its claim that HTC's continued actions are objectively unreasonable. HTC's arguments to the contrary merely raise questions of fact that cannot be resolved here. Contrary to what HTC asserts, MTel is not required to move for a preliminary injunction in order to maintain an action for willful infringement.

MTel's FAC also adequately pleads contributory infringement by identifying distinct features and adequate facts to allow an inference that these features have no substantial non-infringing use. Furthermore, MTel's FAC adequately pleads induced infringement by clearly

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

2

identifying direct infringers and alleging sufficient facts to establish that HTC aided and abetted direct infringement by providing instructions to direct infringers with the knowledge that by following those instructions, the identified groups would directly infringe.

### B. MTel's FAC Pleads Sufficient Facts of Objectively Reckless Behavior.

MTel alleges willful misconduct by HTC, which offers no evidence of good faith or that its conduct is objectively reasonable. Instead, HTC relies on law it knows is completely inapplicable here because the parties are not direct competitors. HTC's Motion should therefore be denied.

#### 1. Allegations of Willfulness May Be Grounded on Post-Filing Conduct.

This Court holds that the *In re Seagate* decision, upon which HTC relies, does not apply to pleading requirements. *See Mobile Media Ideas LLC*, 2011 WL 4347037 at *2 ("[T]o the extent [Defendant] is arguing that *In re Seagate* sets forth the pleading requirements for willful infringement, the Court agrees with the Northern District of California court that stated that *In re Seagate* only addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required.").

Rather, all that is required is to plead willfulness is "some limited factual basis regarding knowledge." *Lodsys, LLC v. Brother Int'l Corp.*, 2:11-cv-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012) (observing "that, much like direct infringement and its pleading requirements in accordance with Form 18 … the bar for pleading willful infringement is not high."). This Court holds that allegations of willfulness may be grounded in either pre- or post-filing conduct. *See id.* at *2 (denying motion to strike allegations of willful infringement). Furthermore, the pleading standard requires a court to "draw all reasonable inferences in favor of the plaintiffs." *In re Bill of Lading*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

3

MTel's pleading satisfies these requirements.

### 2. MTel Need Not Seek a Preliminary Injunction Just to Allege Willful Infringement.

HTC improperly asserts that MTel must file for a preliminary injunction in order to maintain a claim for willful infringement. While some courts have required that a plaintiff that alleges only post-filing conduct must move for a preliminary injunction, the Eastern District has no per se rule. *See Affinity Labs*, 2009 WL 9091275 at *3. Moreover, courts that impose such a requirement also recognize an exception for when, as here, the parties are not direct competitors. *See e.g.*, *HTC Corp. v. Tech. Properties Ltd.*, 5:08-CV-00882-PSG, 2013 WL 5225043 (N.D. Cal. Sept. 17, 2013) (internal citations omitted) ("Patentees who neither practice the invention nor directly compete with the accused infringer are 'excused from *Seagate*[] rule….'").[1] As there is no such rule in the Eastern District, and the parties are not direct competitors, HTC's argument should be rejected.

### 3. HTC's Naked Protestations of Good Faith and Reasonableness at Best Raise Questions of Fact for Resolution on Summary Judgment or at Trial.

HTC pleads no substantial facts to support its Defenses and Counterclaims for Declaratory Relief. Instead, HTC argues that "MTe[l] fails to plead that HTC America's affirmative defenses and declaratory judgment counterclaims of non-infringement and invalidity [Dkt # 7] as to the '946 and '428 Patents are objectively reckless or made in bad faith." (Motion, Dkt. No. 19 at 6). HTC makes the same argument as to the '506 Patent. (*Id.*) Thus, HTC would turn the pleading requirements on their head.

---

[1] "It is a general rule of equity that injunctions should not issue where money damages will suffice because irreparable injury cannot be shown. This principle is applicable to patent injunctions." *Krippelz v. Ford Motor Co.*, 636 F.Supp.2d 669, 675 (N.D. Ill. 2009) (citing *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 394 (2006)).

HTC cites no case law for its novel proposition that a Plaintiff must *plead* that a defending party's affirmative defenses and request for Declaratory Relief are made in bad faith. There is no such requirement

HTC has not shown that its actions are in good faith. At most, HTC has established a factual dispute as to whether its actions are objectively reckless. Resolution of that dispute must wait until summary judgment or trial. *See e.g.*, Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., 682 F.3d 1003, 1008 (Fed. Cir. 2012) (explaining that when the defense to a claim of willful infringement is based on a question of fact, or a mixed question of law and fact, the judge may "allow the jury to determine the underlying facts relevant to the defense…"). HTC's Motion should thus be denied.

### C. MTel's Complaint Adequately Pleads Facts Allowing an Inference that HTC's Components Have No Substantial Non-Infringing Use.

MTel's FAC pleads facts showing that the identified "Messaging Services," as well as specified functions such as "using the Calendar application to send a calendar invitation," or "sending an emoticon" infringe the asserted patents and have no substantial non-infringing use. Moreover, Eastern District law does not recognize a distinction between "components" and "features." For at least these reasons, HTC's Motion should be denied.

HTC first argues that MTel fails to identify the "components," supplied by HTC, that are a material part of the invention. HTC is mistaken. MTel identifies the relevant "Messaging Services" of the '428 Patent, "retrieving portions of email and other messages," and "using the Calendar application to send a calendar invitation or the messages application to send a message containing an emoticon." (FAC, Dkt. No. 18, at ¶¶ 15, 25, 34). These are distinct components, even identified by the specific application, of the device that, as explained below, MTel alleges have no substantial non-infringing use.

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

5

HTC then argues that MTel's identified "features," are inadequate because they are not "components." (Motion, Dkt. No. 19 at 8). HTC's novel distinction regarding features and components should be rejected. The Eastern District has denied motions to dismiss claims of contributory infringement regarding software features. *See i4i Ltd. Partnership v. Microsoft Corp.*, 670 F. Supp. 2d 568, 579 (E.D. Tex. 2009) (accusing defendant of selling an infringing XML feature as part of a larger software program); *Achates Reference*, 2013 WL 693955 at *2 (accusing the defendant of selling infringing software products that perform the patented methods steps).

When all facts are viewed in the light most favorable to the plaintiff, MTel has alleged that the messaging services, e-mail, calendar, and messaging applications HTC pre-installs on the accused devices have no substantial non-infringing use.

MTel alleges that HTC infringes the '428 Patent by sending push messages, including specified messaging application messages, to the accused HTC devices. (FAC, Dkt. No. 18, at ¶ 14). HTC infringes the '428 Patent by sending messages to the accused HTC-branded devices, regardless of what type of message is sent to the device. Without the ability to receive messages, the accused HTC devices are essentially glorified paperweights.

Similarly, consumers would not purchase the accused HTC devices if the devices lacked the ability to request retransmission of a message (such as downloading images or refreshing a calendar), as disclosed by the '946 Patent, or if the devices could not send canned messages such as calendar invitations or emoticons, as taught by the '506 Patent. These features distinguish the accused products from non-smart phones and, without these features; MTel alleges that the accused HTC devices are devoid of any substantial non-infringing use.

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

6

MTel's Amended Complaint pleads facts showing that the identified "Messaging Services," as well as specified functions such as "using the Calendar application to send a calendar invitation," or "sending an emoticon" infringe the asserted patents and have no substantial non-infringing use. HTC's effort to inject a novel distinction between "components" and "features" should be rejected, along with its Motion to Dismiss MTel's Claims for Contributory Infringement.

### D. MTel's FAC Adequately Pleads Intent to Induce Infringement.

To support a claim for induced infringement, MTel need only allege three things: (1) a generically identified group that directly infringes; (2) facts plausibly showing that the defendant specifically intended for the direct infringers to infringe; and (3) facts plausibly showing that the defendant knew the direct infringers' acts constituted infringement. *See MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112, 2011 WL 4347037, *3 (E.D. Tex. Sept. 15, 2011).[2] MTel is not, however, required to "'prove itself at the pleading stage.'" *Compound Photonics, Ltd v. Sony Corp.*, No. 6-11-cv-552 (Dkt. No. 74) at 7 (E.D. Tex. June 5, 2013) (citing *In re Bill of Lading*, 681 F.3d at 1339).

HTC argues that because MTel did not plead that HTC's affirmative defenses and declaratory judgment counterclaims are unreasonable, MTel "therefore fails to plead facts showing that HTC America had the requisite intent." (Motion, Dkt. No. 19 at 10). That argument has no merit. MTel denied each and every of HTC's affirmative defenses and counterclaims. (*See generally* MTel's Answer to HTC's Counterclaims, Dkt. No. 13). Moreover, HTC's argument assumes there is only one way for a plaintiff to plead facts showing

---

[2] *See also Achates Ref. Pub., Inc. v. Symantec Corp.*, 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) *report and recommendation adopted*, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013).

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

7

that a defendant possessed the requisite intent. This is patently false. MTel's FAC pleads facts showing that HTC possessed the intent to induce infringement by its customers and the mobile network operators with whom it partners.

### 1. MTel's FAC Alleges Facts Sufficient to Identify at Least One Direct Infringer.

MTel needed to "at least generically identify a direct infringer with respect to the indirect infringement claims." *MobileMedia Ideas LLC*, 2011 WL 4347037 at *3 (internal citations omitted). The identity of the direct infringer can even be inferred from the FAC. *See Lodsys, LLC*, 2012 WL 760729 at *3.

But MTel does more than hint at the identity of the direct infringers; MTel identifies each direct infringer by category: HTC's customers; all end-users of HTC devices, equipment, products, or services; and Mobile Network Operators (*e.g.*, AT&T, Verizon, T-Mobile) (FAC, Dkt. No. 18 at ¶¶ 15, 16, 23, 25, 26, 32, 34, 35). Thus, MTel's FAC alleges facts sufficient to identify a direct infringer—a point HTC does not, and cannot, contest.

### 2. MTel Alleges Facts Sufficient to Show that HTC Specifically Intended a Third Party to Commit Acts of Infringement.

MTel's FAC shows that HTC specifically intended its customers, end-users, and Mobile Network Operators to infringe. Courts may infer that a defendant encouraged the actions of direct infringers by selling a product that requires use of the infringing feature. *See Achates Reference Pub.*, 2013 WL 693955 at *2 (holding it is reasonable to infer that, by selling a software product with a mandatory activation step, the defendant encouraged its customers to use the product and complete the activation step).

MTel's Complaint identifies specific actions by which HTC specifically intends the identified direct infringers to infringe. For example, MTel alleges that HTC has, and will continue, to intend its customers and end-users to infringe the '428 Patent by "providing

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS  8
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of HTC-branded mobile devices," which are "specially enabled for utilizing the Messaging Services."  (FAC, Dkt. No. 18 at ¶ 15).

MTel further alleges that HTC specifically intends those groups to infringe the '946 and '506 Patents as HTC provides "manuals and similar instructions on the operation of its mobile units and compatible messaging services and other applications that allow for message retransmission."  (*Id*. at ¶¶ 25, 34).  MTel also alleges that HTC intends the identified customers to infringe the '946 Patent because, "HTC instructs end users on ways and methods of retrieving portions of email and other messages."  (*Id*.)  Similarly, MTel alleges that HTC intends its customers to infringe the '506 Patent because "HTC instructs end users on ways and methods of using the Calendar application to send a calendar invitation or the messages application to send a message containing an emoticon."  (FAC, Dkt. No. 18 at ¶ 34).

This Court recognizes that instructions, often in the form of user guides, can support a claim of induced infringement.  *See Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, Case No. 2:13-cv-38-JRG, 2014 WL 894805, *6 (E.D. Tex. March 3, 2014) (noting that ASUS, which is a device manufacturer like HTC, may be liable for induced infringement since it prepared the user guide and packaged it with the accused product).

### 3. MTel's FAC Alleges Facts Sufficient to Show that HTC Knew the Actions of Direct Infringers Infringe the Patents-in-Suit.

MTel also alleges HTC knew the actions of direct infringers constituted infringement. MTel's FAC alleges, "HTC intentionally contributes to and induces direct infringement of the [Asserted Patents] with knowledge that its actions constitute infringement of the [Asserted Patents] since at least the filing or service of this action."  (FAC, Dkt. No. 18 at ¶¶ 15, 25, 34). Under Eastern District law, this is sufficient to plead induced infringement.  *See Achates*

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS  
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)

9

*Reference Pub.*, 2013 WL 693955 at *3 (denying a motion to dismiss and finding that the defendant had knowledge of the patent since at least the time of the filing of the Complaint and, because the Complaint alleges that the infringement is on-going, that it is plausible that some induced infringement has occurred during the pendency of this case).

### III. CONCLUSION

For all the foregoing reasons, Plaintiff Mobile Telecommunications Technologies, LLC respectfully requests that this Court deny Defendant HTC America's Motion to Dismiss.

Dated:  August 21, 2014

Respectfully Submitted,

*/s/ Dustin L. Taylor*
Daniel R. Scardino
Texas State Bar No. 24033165
Craig S. Jepson
Texas State Bar No. 24601364
Dustin L. Taylor
Texas State Bar No. 24088510
**REED & SCARDINO LLP**
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel.: (512) 474-2449
Fax: (512) 474-2622
dscardino@reedscardino.com
cjepson@reedscardino.com
dtaylor@reedscardino.com

**ATTORNEYS FOR PLAINTIFF MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Dustin L. Taylor*
Dustin L. Taylor

MTEL'S OPPOSITION TO HTC AMERICA, INC.'S MOTION TO DISMISS
INDIRECT AND WILLFUL INFRINGEMENT CLAIMS (DKT. NO. 6) UNDER RULE 12(B)(6)
741282v.3

10