IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC | § § § § | |
| v. | § § | Case No. 2:13-CV-948-JRG-RSP |
| HTC America, Inc. | § § | |

**REPORT AND RECOMMENDATION**

Before the Court is HTC's Motion to Dismiss Mobile Telecommunications Technologies, LLC's ("MTEL") Claims for Willful Infringement (Dkt. 35, "the Motion").

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

HTC first challenges MTEL's indirect and willful infringement pleading. (Mot. at 5.) A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused

infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

With regard to willfulness, HTC primarily argues that MTEL's failure to move for a preliminary injunction bars a finding of willfulness. This Court and others have considered and rejected both arguments. *In re Seagate* did not create the bright line rule urged by HTC here: that willful infringement must, as a matter of law, be based solely in pre-filing conduct. 497 F.3d 1360, 1374 (Fed. Cir. 2007). Similarly, it does not follow from *Seagate* that a plaintiff must, as a matter of law, move for a preliminary injunction to preserve a claim of willful infringement – regardless of how futile or baseless such a request would be.[1] *Id.*

What the *Seagate* court *did* suggest was that if a preliminary injunction was either not filed or denied on the likelihood of success prong, then a willful infringement claim based solely post-filing conduct would almost certainly be unsuccessful. *Id*. Even with that proposition in mind, *Seagate* did not create a *per se* bar to a post-filing willful infringement claim as a general rule. *Id*. (". . .whether a willfulness claim based on conduct occurring solely after litigation began is sustainable **will depend on the facts of each case**.") (Emphasis added.) It may well be that MTEL will be unable to prove willful infringement based on the facts developed in this case, but that is not the issue that HTC has placed before the Court. Instead, by raising these issues in a motion to dismiss, HTC forces the Court to avoid that type of detailed factual analysis and

---

[1] The idea that a party would be forced to move for an unnecessary and potentially baseless ground of relief simply to preserve an entirely separate (and potentially meritorious) claim for willful infringement runs entirely contrary to Rule 11(b) and basic notions of judicial economy.

simply determine whether MTEL's complaint states a claim upon which relief can be granted. It has. Thus, dismissal at this stage is inappropriate on this basis.

MTEL also contends that "MTel's failure to [explicitly] plead in the Amended Complaint that HTC America's non-infringement and invalidity defenses are objectively reckless or made in bad faith" is fatal to MTEL's claims. (Mot. at 6.) HTC also relies on "the presumptions that Rule 11(b) attaches to the signed answer" to argue that "the bare assertion that HTC America has committed willful infringement merely by continuing to sell smartphones which are accused of infringement is not a reasonable inference and does not suffice." (*Id.*) The Court finds that MTEL's pleading puts HTC on notice as to the substance of MTEL's claims. Whether the facts will bear those claims out is a matter to be decided on the merits of the case rather than at the pleading stage.[2]

HTC next challenges MTEL's contributory infringement pleading. (Mot. at 7-9.) A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which Court may conclude that the claim is plausible. *In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

---

[2] The Court notes that – assuming this case proceeds to a jury trial and the jury finds that the subjective prong of willfulness is met – the "objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to *de novo* review." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1005, 1007-08 (Fed. Cir. June 14, 2012).

HTC's contention is premised largely on MTEL's alleged failure to use the word "component" in its pleading. (Mot. at 7-9.) Here, MTEL clearly sets forth what it alleges are the components at issue. (Resp. at 6, citing MTEL's First Amended Complaint.) HTC alleges that a "feature" cannot qualify as a "component" under the contributory infringement statute, but cites to no case to support that proposition. The Court finds no merit in this argument. HTC further contends that "MTel's allegation that HTC America provides instructions for using the accused features on its smartphones actually creates an inference that the smartphone has substantial non-infringing uses." (Mot. at 8.) It is possible that use instructions may be evidence showing other non-infringing uses. But whether that is true here is a highly fact-sensitive question that is entirely inappropriate for decision at the pleading stage. The Court finds that MTEL's pleading as to contributory infringement is sufficient.

HTC finally challenges MTEL's induced infringement pleading. (Mot. at 9-11.) A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, --- U.S. ---, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). Thus, in order to survive Amazon's motion to dismiss, the complaint must (1) adequately plead direct infringement by Amazon's customers, (2) contain facts plausibly showing that Amazon specifically intended for its customers to infringe the asserted patents, and

(3) contain facts plausibly showing that Amazon knew that the customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339. Specifically, HTC cites the portions of MTEL's complaint explaining in detail the functionality that the asserted patents allegedly cover, and then contends that "MTel's complaint does not allege that HTC America knew about, let alone induced anyone—Mobile Network Operators, retailers, or end users—to specifically cause [the] particular functions [covered by the patents-in-suit] to be activated." (Reply at 6-7.) MTEL's complaint does contend that HTC is "intentionally instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services…" (First Amended Complaint at ¶15, *see also* Surreply at 3.) HTC's own briefing demonstrates that MTEL's pleadings have put HTC on notice as to the substance of the infringement allegations in this case. Accordingly, dismissal is inappropriate here.

## CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that HTC's Motion to Dismiss (Dkt. 19) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**Signed this date.**

**Mar 6, 2015**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE